**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ABRIANA CARLISLE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No: 1:25-cv-2574-RLY-TAB |
| | ) | |
| RYAN HAYNES, | ) | |
| GARNER'S TOWING SERVICE, | ) | |
| TOWN OF FORTVILLE | ) | |
| HANCOCK REGIONAL HEALTH, | ) | |
| HANCOCK COUNTY, | ) | |
| DEAN FELKER, M.D., | ) | |
| TIM CLARK, | ) | |
| ROY L. WILSON, | ) | |
| SARA JOYNER, | ) | |
| LACEY WILLARD, | ) | |
| JOSH DAUGHTERY, | ) | |
| LUDA KYRYK | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED CASE MANAGEMENT PLAN**

**I.   Parties and Representatives**

    A.    Plaintiff:    Abriana Carlisle

    B.    Fortville Defendants    Ryan Haynes
                                Town of Fortville

        Counsel for Fortville Defendants:    Matthew L. Hinkle
                                                            Laura Parks
                                                           Morgan Seagrave
                                                           COOTS HENKE & WHEELER
        255 E. Carmel Drive
        Carmel, IN 46032
        Telephone: (317)844-4693
        Facsimile: (317)573-5385
        Email: mhinkle@chwlaw.com
        Email: lparks@chwlaw.com
        Email: mseagrave@chwlaw.com

| | |
|---|---|
| Hancock Health Defendants | Hancock Regional Health |
| | Dean Felker, M.D. |
| | Tim Clark |
| | Roy L. Wilson |
| | Sara Joyner |
| | Lacey Willard |
| | Josh Daughtery |
| | Luda Kyryk |
| | |
| Counsel for Hancock Regional Health Defendants: | Guy Webb |
| | Mary H. Watts |
| | Amundsen Davis Law |
| | Capital Center, South Tower |
| | 201 N Illinois St, Ste. 1400 |
| | Indianapolis, IN 46204 |
| | 317-464-4186 |
| | Email: |
| | gwebb@amundsendavislaw.com |
| | mwatts@amundsendavislaw.com |

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.    Jurisdiction and Statement of Claims

A.    The basis for subject matter jurisdiction is a federal question of law pursuant to Plaintiff's §1983 claims against Defendants. However, Defendants Hancock Regional Health, Dean Felker, M.D., Tim Clark, Roy L. Wilson, Sara Joyner, Lacey Willard, Josh Daughtery, Luda Kyryk, assert that this court does not have appropriate subject matter jurisdiction over Plaintiff's claim for medical negligence pursuant to the Indiana Medical Malpractice Act, which requires such claims to proceed before a Medical Review Panel.

B.    [Insert a one paragraph statement of plaintiff's claims, including the legal theories and facts upon which the claims are based.]

C.    **Claims and Defenses of Hancock Health Defendants:**    Defendants Hancock Regional Health, Dean Felker, M.D., Tim Clark, Roy L. Wilson, Sara Joyner, Lacey Willard, Josh Daughtery, Luda Kyryk, deny all claims of wrong doing. Instead, they submit that there was a warrant for the blood draw that Plaintiff alleges was conducted without a warrant and that she received appropriate medical care when she presented to Hancock Regional Hospital. Therefore, these Defendants assert that they did not violate Plaintiff's constitutional rights, that Plaintiff has failed to state a claim for which relief can be granted, that these

Defendants are entitled to qualified immunity, that Plaintiff's criminal actions were the cause of her injuries and to the extent she is contributory negligent her claim should be barred, and that Plaintiff's claim against Defendants is barred pursuant to *Monell* as a matter of law.

D.    **Claims and Defenses of Ryan Haynes and Town of Fortville:** Defendants deny all claims of wrongdoing. Ryan Haynes initiated a lawful traffic stop of Plaintiff and thereafter had sufficient legal basis to draw Plaintiff's blood based on a lawful warrant and subsequently arrested her on that basis. Ryan Haynes is entitled to qualified immunity. Moreover, Plaintiff fails to state a claim upon which relief can be granted based on the criminal claims in her complaint and failure to sufficiently plead a *Monell* claim against the Town.

## III.    <u>Pretrial Pleadings and Disclosures</u>

A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **April 22, 2026**.

B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **April 29, 2026**.

C.    Defendant(s) shall file preliminary witness and exhibit lists on or before **May 6, 2026**.

D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **May 22, 2026**.

E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **May 22, 2026**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within **30 days** after receipt of the proposal.

F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 22, 2026**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **45 days** after Plaintiff(s) serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **February 5, 2027**.

G.    Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures

3

are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **February 22, 2027**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.    All parties shall file and serve their final witness and exhibit lists on or before **February 22, 2027**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.    Discovery of electronically stored information ("ESI"). If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a

4

privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.    Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

Yes. Defendants Hancock Regional Health, Dean Felker, M.D., Tim Clark, Roy L. Wilson, Sara Joyner, Lacey Willard, Josh Daughtery, Luda Kyryk, believe that there are legal arguments that resolve Plaintiff's contentions as a matter of law, and that there is no genuine issue of material fact regarding the existence of a warrant for Plaintiff's blood draw.  These Defendants have filed an appropriate summary judgment motion with the Court on March 2, 2026.

Defendant Ryan Haynes will seek summary judgment based on qualified immunity grounds, and that his conduct did not constitute a constitutional violation of a clearly established right. The Defendants filed a motion to dismiss on February 24, 2026, on the basis that Plaintiff cannot seek civil relief based on claims made under state criminal statutes and Plaintiff fails to state a *Monell* claim.

---

[1]  The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

B.      On or before **October 29, 2026**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.      Select the track that best suits this case:

    X     Track 2: Dispositive motions are expected and shall be filed by **December 22, 2026**; non-expert witness discovery and discovery relating to liability issues shall be completed by **October 22, 2026**; expert witness discovery and discovery relating to damages shall be completed by  **March 22, 2027**. All remaining discovery shall be completed by no later than 16 months from Anchor Date **April 22, 2027**.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.      Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in September 2026.**

## VI.      Trial Date

The parties request a trial date in **June 2027**.  The trial is by **Jury** and is anticipated to take Three **(3) days**.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII.      Referral to Magistrate Judge

A.      **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.      **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII.  <u>**Required Pre-Trial Preparation**</u>

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    <u>Other Matters</u>

None.

AMUNDSEN DAVIS, LLC

/s/ Gaius G. Webb
Mary H. Watts, Attorney No. 2212-49
Gaius G. Webb, Attorney No. 35725-41
201 North Illinois Street, Ste. 1400
Capitol Center, South Tower
Indianapolis, IN 46204
Direct: 317-464-4106
Direct: 317-464-4186
Fax:    463-422-6953
Email:  mwatts@amundsendavislaw.com
        gwebb@amundsendavislaw.com

*Attorneys for Defendants Hancock Regional Hospital, Dean Felker, M.D., Tim Clark, Roy L. Wilson, Sara Joyner, Lacey Willard, Josh Daughtery, and Luda Kyryk*

s/ *Morgan Seagrave*
Matthew L. Hinkle
Laura Parks
Morgan Seagrave
COOTS HENKE & WHEELER
255 E. Carmel Drive
Carmel, IN 46032
Telephone: (317)844-4693
Facsimile: (317)573-5385
Email: mhinkle@chwlaw.com
*Attorneys for Ryan Haynes and the Town of Fortville*

9

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. BEFORE MAGISTRATE JUDGE _____. THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPRATE ORDER; OR<br><br>_____ BY VIDEO, LINK TO BE PROVIDED BY SEPARATE ORDER |
| | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY **October 22, 2026** |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **December 22, 2026** |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

10