UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ABRIANA CARLISLE,                        )
                                         )
                Plaintiff,               )
                                         )
        v.                               )     No. 1:25-cv-02574-JRO-TAB
                                         )
RYAN HAYNES, et al.,                     )
                                         )
                Defendants.              )

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Abriana Carlisle seeks leave to file an amended complaint.  [Filing No. 64.]

Defendants Hancock Regional Health, Dr. Dean Felker, Tim Clark, Roy L. Wilson, Sara Joyner,

Lacey Willard, Josh Daughtery, and Luda Kyryk (collectively, the Hospital Defendants) and

Defendant Hancock County oppose the amendment on grounds of futility, undue delay, and

prejudice.  [Filing Nos. 65, 68.][1]  For the reasons discussed below, the proposed amendment is

futile, and Plaintiff's motion [Filing No. 64] is denied.

While Rule 15(a)(2) requires courts to grant leave to amend freely when justice so

requires, courts "have broad discretion to deny leave to amend where there is undue delay, bad

faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or

where the amendment would be futile." *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

In support of amendment, Plaintiff states only that discovery has revealed additional persons and

entities that should be added as Defendants.  Plaintiff's motion for leave to amend never discloses

---

[1] Defendant Hancock County erroneously e-filed its response in opposition to Plaintiff's motion to amend as a motion, not a response.  As such, Defendant's response [Filing No. 68] is denied as moot.

1

that the proposed amended complaint [Filing No. 64-1] contains new causes of action—thus, the Court is without any explanation why justice would require such amendments.

Defendants raise compelling issues of futility as to the new causes of action. To start, Defendant Hancock County argues that the new claims of deliberate indifference to serious medical needs and failure to train are futile because they are general averments that fail to assert any allegation against any Hancock County employee. [Filing No. 68, at ECF p. 3-4.] The Court agrees. Also, the proposed amended complaint contains as count nine a 42 U.S.C. § 1983 claim that inexplicably contains no factual allegations whatsoever. Such a claim is clearly futile.

Additionally, the Hospital Defendants argue that the newly asserted Emergency Medical Treatment and Labor Act claim is also futile. EMTALA is aimed at preventing hospitals from declining to treat indigent patients in serious health crises and requires hospital emergency departments to (1) screen patients for emergency medical conditions and (2) stabilize the patients who have emergency medical conditions. *Magruder ex rel. Magruder v. Jasper County Hosp.*, 243 F. Supp. 2d 866, 890-91 (S.D. Ind. Jan. 30, 2003) (citing 42 U.S.C. § 1395dd). Emergency medical conditions involve severe acute symptoms that, if left untreated, would seriously jeopardize the patient's health. 42 U.S.C. § 1395dd(e)(1). Emergency medical conditions also include pregnancy while in active labor and conditions that could threaten the health of an unborn child. *Id.* (including "a pregnant woman who is having contractions" and who cannot be safely transferred elsewhere in the definition of an emergency medical condition).

Plaintiff's EMTALA claim alleges that, while at Hancock Regional Hospital, multiple unidentified individuals forced Plaintiff on her stomach and applied pressure to her abdomen to obtain a forced blood draw, which led to a miscarriage. [Filing No. 64-1, at ECF p. 18-20.] Plaintiff alleges that the hospital violated EMTALA by "prioritiz[ing] law enforcement objectives

2

and participat[ing] in a non-medically necessary forced blood draw" "[i]nstead of conducting an appropriate medical screening examination." [Filing No. 64-1, at ECF p. 19.] Plaintiff generally alleges she had "an emergency medical condition, including conditions related to her pregnancy." [Filing No. 64-1, at ECF p. 18.] Yet, her pregnancy alone does not qualify as an emergency medical condition. Furthermore, Plaintiff's proposed amended complaint is vague as to whether Plaintiff's presence at Hancock Regional Health was for medical treatment of any sort, as opposed to solely for the involuntary blood draw demanded by law enforcement. Plaintiff alleges the hospital's complicity with allegedly tortious and injurious acts during the blood draw, not a failure to screen for and stabilize an emergency medical condition in violation of EMTALA. Therefore, Plaintiff's EMTALA claim is futile. Given the futility of multiple causes of action in the proposed amended complaint, Plaintiff's motion for leave to amend [Filing No. 64] is denied.

Finally, there are four ripe dispositive motions pending. Plaintiff filed responses [Filing Nos. 30, 52, 53] opposing the Hospital Defendants' motion to dismiss and motion for summary judgment, as well as the Fortville Defendants' motions to dismiss. Plaintiff missed the deadline to file a response to Defendant Hancock County's motion to dismiss. Defendants argue that Plaintiff moved to amend her complaint at this time to stall the Court's ruling on these dispositive motions, creating undue prejudice and delay. While the Court makes no determination as to Plaintiff's motive in seeking amendment, this litigation is best served by resolving the pending dispositive motions, not further amending the complaint at this time.

Date:  7/7/2026

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

All ECF-registered counsel of record via email

ABRIANA CARLISLE
P.O. BOX 2162
Anderson, IN 46018