UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ABRIANA CARLISLE,<br><br>Plaintiff,<br><br>v.<br><br>RYAN HAYNES,<br>GARNER'S TOWING SERVICE,<br>TOWN OF FORTVILLE,<br>HANCOCK REGIONAL HEALTH,<br>HANCOCK COUNTY,<br>DEAN FELKER MD -- Board Member,<br>MARIA BOND Board Member,<br>TIM CLARK Board Member,<br>ROY L. WILSON Board Member,<br>SARA JOYNER Board Member,<br>LACEY WILLARD Board Member,<br>JOSH DAUGHERTY Board Member,<br>LUDA KYRYK,<br><br>Defendants. | ) | No. 1:25-cv-02574-JRO-TAB |

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND RULE 11 WARNING**

Before the Court is a motion for default judgment against Garner's Towing Service filed by Plaintiff Abriana Carlisle. Dkt. [80]. In its verified response in opposition, Defendant Garner Family Enterprises, Inc. d/b/a/ Garner's Towing ("Garner's"), represents it was never properly served with process in this case. Plaintiff did not file a reply. For the reasons stated below, the Court **DENIES** Plaintiff's motion for default judgment against Garner's and directs further proceedings.

## I. LEGAL BACKGROUND

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve a summons and copy of her complaint on each defendant who does not waive service. This service provides notice to the defendant that they are a party to a lawsuit against which they need to defend. Rule 4(l) requires the plaintiff to provide the Court with proof of service. Rule 12(a) requires a defendant that did not waive service to answer the complaint within 21 days after being served with the summons and complaint.

Federal Rule of Civil Procedure 55(a) authorizes—indeed requires—the clerk to enter default judgment against a party who has failed to plead or otherwise defend a suit. "Before the district court may default a defendant, the plaintiff must prove service." *Golub v. United States*, 593 F. App'x 546, 548 (7th Cir. 2014) (citing Fed. R. Civ. P. 4(l)).

## II. DISCUSSION

### A. Carlisle Has Not Proven Service

In her motion for default, Carlisle states that she "served Defendant Garner's Towing Service with process on December 30, 2025 in compliance with Federal Rule of Civil Procedure 4." Dkt. 80 at 1. Yet the only proposed summonses filed in this case are directed to Defendant Roy L. Wilson, dkt. 3, and Defendant Hancock County, dkt. 17. Without a summons for Garner Towing Service, there can be no service, much less proof of service as required by Rule 4(l) for a defendant.

Garner's verified response to Carlisle's motion confirms it did not receive service in this case. Dkt. 85 ¶ 4. Indeed, it first learned of the litigation when it received Plaintiff's motion for default judgment in its P.O. box. *Id.* ¶ 8. Carlisle did not reply to Garner's statements that she never affected service or otherwise reply to offer proof of service, and the time for her to do so has passed.

Because Carlisle did not properly serve Garner's as required by Rule 4, Garner's was under no obligation to answer her complaint. An entry of default is not appropriate against Garner's under these circumstances. Carlisle's motion for default judgment is therefore **DENIED**. Dkt. [80].

**B. Rule 11 Warning**

Before concluding, the Court emphasizes Carlisle's obligation under Federal Rule of Civil Procedure 11(b) to certify that the factual contentions in each of her Court filings have evidentiary support and the legal contentions are warranted by existing law or nonfrivolous arguments for a change in the law. In Carlisle's motion for default judgment, she states that she "served Defendant Garner's Towing Service with process on December 30, 2025 in compliance with Federal Rule of Civil Procedure 4." Dkt. 80 at 1. This is demonstrably untrue, as discussed above.

Carlisle also stated, "The Clerk of Court entered default against Garner's Towing Service on June 30, 2026." The Court has reviewed the docket and found no entries at all for June 30, 2026, and certainly no clerk's entry of default.

The Court is not convinced the specific factual contentions contained in the motion for default judgment comply with Rule 11(b)'s requirement. Under

Rule 11(c), the Court could order Carlisle to show cause as to why her statements highlighted above do not violate Rule 11(b). A party found to have violated Rule 11(b) can be sanctioned. Fed. R. Civ. P. 11(c)(1). Such a sanction may include an order to pay a penalty into the court, Fed. R. Civ. P. 11(c)(3), or even involuntary dismissal of this action with prejudice, Fed. R. Civ. P. 41(b). Because the Court denies Carlisle's motion, and given that this is her first warning as a *pro se* litigant, it will not order her to show cause at this time. However, Carlisle is accordingly warned of the possibility of sanctions up to and including dismissal with prejudice if any other filings violate Rule 11(b).

Further, the Court notes that it entered a supplemental notice to *pro se* litigants regarding the use of artificial intelligence on March 25, 2026. Dkt. 39. This notice and the Practices and Procedures of this Court require all litigants to tell the Court if they used artificial intelligence ("AI") to help write their complaint, a motion, or any other documents they file into the case. This supplemental notice was entered months before Carlisle filed the instant motion. If Carlisle uses AI to write a document, she must include a signed statement at the end of the document that says:

> This document was generated with the assistance of [identify AI tool name]. I hereby certify under penalty of perjury that, despite reliance on an AI tool, I have independently reviewed this document to confirm the accuracy and legitimacy of all cited authority and any characterization or summary thereof pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Dkt. 39 at 1. Filing a document that does not follow this AI policy, including a document citing fake cases or misstating facts, may result in appropriate

sanctions up to and including dismissal of the case or a default judgment against the offending party.

## III. CONCLUSION

Carlisle's motion for default judgment is therefore **DENIED**. Dkt. [80]. Garner's is afforded twenty-one days up to and including **September 11, 2026**, to answer or otherwise respond to Plaintiff's Complaint.

**SO ORDERED.**

Date: 8/21/2026



Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

ABRIANA CARLISLE
P.O. BOX 2162
Anderson, IN 46018

All ECF-registered counsel of record