UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ABRIANA CARLISLE,<br><br>Plaintiff,<br><br>v.<br><br>RYAN HAYNES,<br>GARNER'S TOWING SERVICE,<br>TOWN OF FORTVILLE,<br>HANCOCK REGIONAL HEALTH,<br>HANCOCK COUNTY,<br>DEAN FELKER MD -- Board Member,<br>MARIA BOND Board Member,<br>TIM CLARK Board Member,<br>ROY L. WILSON Board Member,<br>SARA JOYNER Board Member,<br>LACEY WILLARD Board Member,<br>JOSH DAUGHERTY Board Member,<br>LUDA KYRYK,<br><br>Defendants. | ) | No. 1:25-cv-02574-JRO-TAB |

**ORDER GRANTING IN PART MOTIONS TO DISMISS AND GRANTING MOTION TO STRIKE**

Plaintiff Abriana Carlisle, proceeding *pro se*, brings various claims against municipalities, local officials, hospital affiliates, and a towing company after her 2025 arrest, forced blood draw, and four-day detention in the Hancock County Jail. Before the Court is the Town of Fortville ("Fortville") and Officer Ryan Haynes's joint motion to dismiss, dkt. [21], Hancock County's motion to dismiss, dkt. [46], and Hancock County's motion to strike the introduction of the Complaint, dkt. [48]. For the reasons stated below, the Court **GRANTS** Hancock County's motions, dkt. [46] & [48], and **GRANTS in part** Defendants Town of Fortville and Officer Ryan Haynes's joint motion to dismiss, dkt. [21].

## I. FACTS & BACKGROUND

At the motion to dismiss stage, the Court "accept[s] the well-pleaded facts in the complaint as true," but does not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).[1]

On October 26, 2025, Carlisle was driving in Hancock County while wearing an afro wig. Dkt. 1-1 at 18.[2] She had recently learned she was pregnant. *Id.* at 24. She considered Hancock County to be a "sundown" county, that is one where Black individuals, like herself, may face hostility after dark. *Id.* at 19. At about 1:40 a.m., a vehicle that Carlisle observed driving erratically began closely following her with its high beams on. *Id.* at 23. This caused Carlisle to fear for her safety and wellbeing. *Id.*

Carlisle soon learned the vehicle belonged to a police officer when the officer driving initiated a traffic stop. *Id.* Carlisle maintains she was not breaking any traffic laws at the time of the stop. *Id.* The officer conducting the traffic stop, Officer Ryan Haynes of the Fortville Police Department, did not tell Carlisle the reason for the traffic stop and proceeded to arrest her "without justification." *Id.* at 24.

---

[1] Because the Court strikes the introduction of Carlisle's complaint, as discussed below, it does not consider, repeat, or rely on the allegations contained in that section of her complaint.

[2] Carlisle's complaint is, at times, internally inconsistent. The facts as stated in Count Eleven represent the most fulsome version of the story. The Court relies on those facts to the extent they are inconsistent with facts presented elsewhere in her complaint.

Officer Haynes then transported Carlisle to Hancock Regional Hospital, where four police officers held Carlisle down while a hospital employee, Luda Kyryk, forcibly drew Carlisle's blood. *Id.* at 25. As a result of this blood draw, Carlisle experienced physical soreness, bruising at the draw site, "increased cramping and physical distress." *Id.* She does not say whether she alerted Defendants to these conditions, but she does say she received no medical evaluation or follow-up care. *Id.*

Carlisle was then booked into the Hancock County Jail, where she was detained for four days. *Id.* Carlisle's cash bond was set at $1,000 without a hearing. *Id.* at 26. She was not able to make a phone call for over twenty-four hours in jail. *Id.* While there, Carlisle experienced "major blood loss and fatigue" which she attributes to the force officers employed during the blood draw. *Id.* at 25. She ultimately suffered a miscarriage of her pregnancy. *Id.*

Carlisle sued Officer Ryan Haynes, Garner's Towing Service, the Town of Fortville, Hancock Regional Health and its board members, Hancock County, and Luda Kyryk, bringing a total of eleven claims. While her complaint[3] is styled as one removed to federal court from state court, the underlying state action she cites is a criminal proceeding, case no. 30D02-2510-F6-001801, in Hancock

---

[3] Carlisle's complaint bears the hallmarks of being drafted with the assistance of generative artificial intelligence ("AI"). For example, in the middle of her complaint is the line, "The primary option is a lawsuit under 42 U.S.C. § 1983, which allows individuals to sue state or local officials for violating constitutional rights." Dkt. 1-1 at 22. This reads more like an AI tool responding to a prompt than a plaintiff framing their grievances. Carlisle is once again admonished that any future use of AI in her court filings must be accompanied with a disclosure as required by the Court's Practices and Procedures. Dkt. 93; *accord* dkt. 39.

Superior Court that appears ongoing.[4] Dkt. 1. Notwithstanding the procedural oddity, the parties have treated the matter as a new case filed in federal court with subject matter jurisdiction under 28 U.S.C. § 1331. Satisfied it has jurisdiction; the Court does the same.

Defendants the Town of Fortville and Ryan Haynes filed a joint motion to dismiss. Dkt. 21. Defendant Hancock County has filed both a motion to dismiss, dkt. 46, and a motion to strike, dkt. 48. All three motions are the subject of this Order. A joint motion for summary judgment filed by Hancock Regional Heath and affiliated individuals remains pending. Dkt. 26.

## II. LEGAL STANDARD

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A plaintiff may defeat a motion to dismiss filed pursuant to Rule 12(b)(6) if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). In other words, a plausible claim "must

[4] The Court takes judicial notice of the charges against Carlisle: Battery Against a Public Safety Official (Level 6 Felony) and Operating a Vehicle While Intoxicated Endangering a Person (Class A Misdemeanor). Fed. R. Evid. 201.

allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary-judgment stage," *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. Still, *pro se* complaints such as Carlisle's are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

## III. DISCUSSION

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Carlisle has identified the theories under which she seeks to proceed by raising specific counts in her complaint. Where a *pro se* litigant has expressly stated the legal theories she wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606–07 (7th Cir. 2009)). The Court below considers each of Defendants' motions in the order they were filed.

### A. Criminal Law Claims against Ryan Haynes

In a joint motion with the Town of Fortville, Defendant Ryan Haynes argues that the counts premised on criminal law should be dismissed for failure to state a claim, *see* dkt. 22 at 4–5, specifically, Intimidation (Count 1), Official

Misconduct (Counts 3[5] and 10), Criminal Confinement (Counts 4 and 9), Criminal Conversion/Theft (Count 6), and Perjury (Count 7). He argues there is no civil cause of action for these counts. Carlisle does not address Haynes's argument in her response. Dkt. 30 at 3. Instead, she argues that her complaint states claims under 42 U.S.C. § 1983 against Haynes under the Fourth, Eighth, and Fourteenth Amendments.[6] *Id.*

Under Indiana law, "no private right of action [is implied] where the General Assembly has provided independent enforcement" such as criminal penalties. *Doe #1 v. Indiana Dep't of Child Servs.*, 81 N.E.3d 199, 204 (Ind. 2017) ("When a statute expressly provides one enforcement mechanism, courts may not engraft another."); *see also Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999). Here, many of Carlisle's claims rest wholly on criminal law and thus are not claims for which she can seek relief in a civil case. Carlisle's conclusory assertions that she has stated claims under the Fourth, Eighth, and Fourteenth amendments are insufficient to state a claim under the criminal statutes she cites in counts 1, 4, 6, 7, and 8. Dkt. 30 at 3.

What's more, Carlisle cannot state a claim under the Eighth Amendment. As Carlisle tells it, she was a pretrial detainee rather than a convicted

---

[5] The Court takes Haynes's reference to Count II in briefing to be a scrivener's error. Dkt. 22 at 2.

[6] Carlisle confusingly devotes a section of her brief to arguing Haynes is not entitled to qualified immunity at this stage. Dkt. 30 at 3–4. Haynes's motion and brief did not assert qualified immunity, and this Order makes no ruling regarding qualified immunity.

prisoner while she was detained in the Hancock County Jail. Accordingly, her claims are governed by the due process clause of the Fourteenth Amendment rather than the Eighth Amendment. *See Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (holding that the reasonableness standard established in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), applied to all claims related to pretrial detainees' conditions).

Accordingly, the Court **GRANTS in part** Officer Ryan Haynes's motion to dismiss. Dkt. [21]. The following claims are **DISMISSED with prejudice**: criminal intimidation (Count 1), criminal confinement (Count 4), criminal conversion (Count 6), perjury (Count 7), and conspiracy to violate civil rights (Count 8). Dkt. 1-1. Any Eight Amendment claim Carlisle asserts against any Defendant is **DISMIISSED with prejudice**. The remaining claims against Haynes shall proceed **only** to the extent they state Section 1983 claims under the Fourth and Fourteenth Amendments. To the extent Haynes's motion seeks relief beyond what has been granted above, it is **DENIED**.

**B. Claims Against the Town of Fortville**

The Town of Fortville argues that Carlisle fails to state a claim against it because she seeks to place liability on Fortville purely based on Haynes's actions. Fortville says such claims are outside the limited scope of Section 1983 claims that can be brought against municipalities under *Monell v. Dept. of Social Services.*, 436 U.S. 658 (1978). Dkt. 22 at 3–4. Carlisle asserts in her response that she has stated a *Monell* claim because "[t]he Complaint alleges that the Town had a policy or custom of inadequate training on arrests, force, and interactions

with medical providers, and that this directly caused the violations." Dkt. 30 at 4. She also argues she has pled deliberate indifference by policymakers. *Id.* She does not cite to where in the Complaint she makes these allegations.

To find a municipality (rather than a natural person) liable for a Section 1983 claim, the plaintiff must prove that the constitutional harm was caused by an official policy, a decision by a final decision maker, or a government custom or practice. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)); *see also Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010). A plaintiff's *Monell* allegations must be in the complaint. A plaintiff cannot cure a complaint that fails to state a claim "by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993).

The Court has reviewed Carlisle's complaint. It does not contain any allegation that Fortville failed to train officers or had any custom or widespread practice. Nor does the complaint point out any facts that suggest a policymaker's decision caused the alleged harm. It does allege that four members of the Fortville Police Department held her down during the blood draw, but nothing in the complaint suggests this was attributable to a Fortville Police Department policy, practice, or custom. Because her complaint lacks any specific allegations against Fortville, the Court can draw no reasonable inference that Fortville is liable to Carlisle for any misconduct. *Iqbal*, 556 U.S. at 678. The Court thus

**GRANTS** the Town of Fortville's motion to dismiss. Dkt. [21]. All claims against the Town of Fortville are **DISMISSED without prejudice**.

### C. Claims Against Hancock County

Carlisle's claims against Hancock County fail for the same reason as those against the Town of Fortville. Hancock County argues Carlisle's grievances are all against Officer Haynes, who is an officer of the Town of Fortville, not Hancock County. Dkt. 47 at 3–5. Carlisle responds that she has adequately alleged Hancock County is liable under *Monell* based on inadequate policies for medical screening and care of pregnant detainees, failure to train employees, and coordination with hospital defendants regarding the forced blood draw. Dkt. 79 at 2.[7]

Contrary to Carlisle's assertions, her complaint does not allege any policies, practices, or customs of Hancock County that led to her injury. Most of her claims revolve around Officer Ryan Haynes of the Fortville Police Department, discussed above. She does complain of actions on the part of individuals such as "judicial officers of the Hancock County Jail," dkt. 1-1 at 20–21, the jail staff who she alleges denied her access to a phone, *id.* at 26–27, or perhaps the hospital employee who drew her blood, *id.* at 24. Yet she presents no information from which the Court could infer these incidents are attributable

---

[7] Carlisle filed her response to Hancock County's motion approximately two months after it was due and without seeking leave to respond out of time. Dkt. 79. While the Court considered her response on the merits, she is warned that late filings may be disregarded by the Court in the future, which may result in waiver of her arguments.

to the municipality under *Monell* rather than individuals. "[A] few sporadic examples of an improper behavior" are not enough to support a *Monell* claim; this would "stretch the law too far." *Flores v. City of S. Bend*, 997 F.3d 725, 733 (7th Cir. 2021).

In sum, because Carlisle does not allege any plausible theory under *Monell* against Hancock County, it's motion to dismiss is **GRANTED**. Dkt. [46]. All claims against Defendant Hancock County are **DISMISSED without prejudice**.

**D. Hancock County's Motion to Strike the Complaint's Introduction**

Finally, the Court turns to Hancock County's Motion to Strike. Dkt. 48. The County argues that Carlisle's introduction, found on pages one to five of her complaint, dkt. 1-1, should be stricken under Federal Rule of Civil Procedure 12(f) because it is impertinent, scandalous, and not relevant to Carlisle's claims. Namely, it argues the introduction bears no possible relation to Carlisle's dispute with the named Defendants. Dkt. 48 at 2. The Court agrees.

Rule 12(f) says, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Granting a motion under Rule 12(f) is an exercise of the Court's discretion. *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Pages one to five of the complaint narrates Hancock County's history going back to the mid-nineteenth century. It includes irrelevant information, such as the cost of building the Hancock County Jail, and makes sensational accusations about the county's past and present. At bottom, what is contained in the introduction is immaterial and is not necessary for the Court to consider

in resolving Carlisle's claims. Accordingly, Defendant Hancock County's motion to strike the introduction of Plaintiff's complaint as impertinent and immaterial is **GRANTED.** Dkt. [48]. The introduction of Plaintiff's complaint, dkt. 1-1, shall be **STRICKEN** from page one to the heading on page five reading "Complaint."

## IV. CONCLUSION

Defendant Hancock County's motion to strike is **GRANTED**. Dkt. [48]. The introduction of Plaintiff's complaint, dkt. 1-1, shall be **STRICKEN** from page one to the heading reading "Complaint."

For the reasons discussed above, Defendants Town of Fortville and Officer Ryan Haynes's joint motion to dismiss, dkt. [21], is **GRANTED in part**. The following claims against Ryan Haynes are **DISMISSED with prejudice**: criminal intimidation (Count 1), criminal confinement (Count 4), criminal conversion (Count 6), perjury (Count 7), and conspiracy to violate civil rights (Count 8). Dkt. 1-1. The remaining claims against Haynes shall proceed **only** to the extent they state Section 1983 claims under the Fourth and Fourteenth Amendments. All claims against the Town of Fortville are **DISMISSED without prejudice**. To the extent the joint motion seeks relief beyond what has been granted above, it is **DENIED**.

Any Eight Amendment claim Carlisle asserts against any Defendant is **DISMIISSED with prejudice**.

Defendant Hancock County's motion to dismiss is **GRANTED**. Dkt. [46]. All claims against Hancock County are **DISMISSED without prejudice**.

A joint motion for summary judgment filed by Hancock Regional Heath and affiliated individuals, dkt. 26, remains pending.

**SO ORDERED**.

Date: 9/25/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

ABRIANA CARLISLE
P.O. BOX 2162
Anderson, IN 46018

All ECF-registered counsel of record